UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-60273-CR-DIMITROULEAS

UNITED STATES OF AMERICA,

1:15-mc-0031-BAM

Plaintiff,

vs.

DALE PETERS,

Defendant.
_____/

### ORDER TRANSFERRING WRIT OF EXECUTION PROCEEDING

THIS CAUSE is before the Court upon the Eleventh Circuit's remand of this case. *See* [DE 849].

On June 7, 2013, the government filed an Amended Application for Writ of Execution, [DE 773]; on July 26, 2013, this Court granted that application. [DE 799]. The Eleventh Circuit has since vacated the Order granting the application and remanded with instructions. [DE 849].

Thus, in accordance with the Eleventh Circuit's instructions, it is hereby **ORDERED AND ADJUDGED** that the Clerk is directed to **TRANSFER** the Government's Amended Writ of Execution (regarding Dale Peters) proceeding to the United States District Court for the Eastern District of California with jurisdiction for a hearing and decision.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 29th day of May 2015.

WILLIAM P. DIMITROULEAS
United States District Judge

RECEIVED
JUN 05 2015
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____DEPUTY CLERK

1

Copies furnished to:

Counsel of Record

Dale Peters, *pro se*
68015-097
Atwater-USP
United States Penitentiary
Inmate Mail/Parcels
Post Office Box 019001
Atwater, CA 95301

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

FILED BY __HH__

May 27, 2015

STEVEN M. LARIMORE
CLERK U.S. DISTRICT CT.
S.D. OF FLA. MIAMI

May 27, 2015

Steven M. Larimore
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 13-13567-GG
Case Style: USA v. Dale Peters
District Court Docket No: 0:11-cr-60273-WPD-4

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Sincerely,

DOUGLAS J. MINCHER, Clerk of Court

Reply to: Lois Tunstall
Phone #: (404) 335-6224

Enclosure(s)

MDT-1 Letter Issuing Mandate

UNITED STATES COURT OF APPEALS
For the Eleventh Circuit

No. 13-13567

District Court Docket No.
0:11-cr-60273-WPD-4

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

versus

DALE PETERS,

                                        Defendant - Appellant.

Appeals from the United States District Court for the
Southern District of Florida

JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: April 23, 2015
For the Court: Douglas J. Mincher, Clerk of Court
By: Djuanna Clark

ISSUED AS MANDATE 05/27/2015

Case 0:11-cr-60273-WPD Document 849 Entered on FLSD Docket 05/29/2015 Page 3 of 10
Case 1:15-mc-00031-BAM Document 1 Filed 06/08/15 Page 5 of 12
Case: 13-13567    Date Filed: 04/23/2015    Page: 1 of 8

[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

---

No. 13-13567

---

D.C. Docket No. 0:11-cr-60273-WPD-4

UNITED STATES OF AMERICA,

                                  Plaintiff - Appellee,

versus

DALE PETERS,

                                  Defendant - Appellant.

---

Appeals from the United States District Court
for the Southern District of Florida

---

(April 23, 2015)

Before MARTIN and FAY, Circuit Judges, and GOLDBERG,[*] Judge.

PER CURIAM:

---

[*] The Honorable Richard W. Goldberg, United States Court of International Trade Judge, sitting by designation.

Dale Peters appeals the district judge's final order denying his request for transfer of Writ of Execution proceedings to California and a hearing by granting the government's Application for an Amended Writ of Execution, resulting from a restitution judgment entered against Peters. We vacate and remand with instructions.

## I. BACKGROUND

Peters was convicted of one count of conspiring to defraud the United States and thirty-one counts of filing false and fictitious claims on the United States in an extensive tax-fraud conspiracy. On February 4, 2013, the district judge entered final judgment against Peters, which included 144 months of imprisonment and restitution of $5,362,039.69. We affirmed his conviction and sentence. *United States v. Peters*, No. 13-10717, slip op. (11th Cir. Apr. 13, 2015).

On June 6, 2013, the government filed an Application for Writ of Execution to levy on real property Peters owned: a home, located at 21065 Christopher Circle, Sonora, California 95370. His last known address was stated to be an apartment, located at 221 South Fremont Street, Apt. 306, San Mateo, California 94401.[1] A deputy clerk entered a Writ of Execution on Peters's real property. On June 7, 2013, the government filed an Amended Application for Writ of Execution

---

[1] Although the government listed Peters's last known address in its Application for Writ of Execution as the San Mateo apartment, it knew Peters was incarcerated in federal prison, because of his criminal conviction for tax fraud.

2

Case 0:11-cr-60273-WPD Document 849 Entered on FLSD Docket 05/29/2015 Page 5 of 10
Case 1:15-mc-00031-BAM Document 1 Filed 06/08/15 Page 7 of 12
Case: 13-13567 Date Filed: 04/23/2015 Page: 3 of 8
(0 of 9)

and listed Peters's apartment in San Mateo, California, as his last known address but failed to state the property to be seized and levied upon and its location. Despite this defect, a deputy clerk entered an Amended Writ of Execution against the property listed in the *first* Application for Writ of Execution.

On July 1, 2013, Peters filed a Response to the Amended Application and Amended Writ of Execution. He demanded a hearing and transfer of proceedings to the district, where he resides. Peters contended (1) the property was exempt from levy, and (2) the restitution order was not final, because his criminal appeal was pending. This Response was filed by Peters's court-appointed counsel for trial and direct appeal in his criminal case, Michael G. Smith. In the Response, Smith clarified he did not represent Peters in the Writ of Execution proceeding; he was filing the Response to assist Peters in notifying the government of three facts: (1) Peters was incarcerated at the United States Prison Camp at Atwater, California; further correspondence with him should be sent to him at his address there[2]; (2) Peters requested the Writ of Execution proceeding be transferred to the district court with jurisdiction for Atwater, California; and (3) Peters requested a hearing on the Amended Writ of Execution.

---

[2] Peters's former, court-appointed counsel stated in Peters's Response that his address was: "Dale Peters, No. 68015-097, USP Atwater Camp Facility, P.O. Box 019001, Atwater, CA 95301."

3

Case 0:11-cr-60273-WPD Document 184 Entered on FLSD Docket 06/08/2015 Page 6 of 10
Case 2:13-mc-00031-RAM Document 1 Filed 06/04/15 Page 15 of Page 6 of 10
Case: 13-13567     Date Filed: 04/23/2015     Page: 4 of 8

On July 26, 2013, the district judge concluded Peters's real property was not exempt from levy, because his restitution order had not been stayed. He found transfer of the Writ of Execution proceedings was not appropriate and granted the government's Amended Application for Writ of Execution. Peters appeals this final order.

## II. DISCUSSION

A. Appellate Jurisdiction under 28 U.S.C. § 1291

This court has jurisdiction of "appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. "A final decision is typically 'one that ends the litigation on the merits and leaves nothing for the court to do but execute its judgment.'" *Mayer v. Wall St. Equity Grp., Inc.*, 672 F.3d 1222, 1224 (11th Cir. 2012) (quoting *World Fuel Corp. v. Geithner*, 568 F.3d 1345, 1348 (11th Cir. 2009)). The appealed order effectively denied Peters's request for a transfer and hearing by authorizing the government to levy on his real property. The order disposed of all issues remaining; therefore, it was a final decision over which we have jurisdiction.[3]

---

[3] Peters challenges the district judge's jurisdiction to enter the order after he had appealed his criminal conviction. Peters did not post a supersedeas bond; consequently, he did not obtain a stay of the final judgment. Without a stay, a judgment may be executed upon, even after an appeal is filed. *See, e.g., Nat'l Serv. Indus., Inc. v. Vafla Corp.*, 694 F.2d 246, 249–50 (11th Cir. 1982).

B. Peters's Transfer and Hearing Request

Peters argues the district judge erred in not transferring his Amended Writ of Execution proceedings to California for a hearing. We review de novo issues of statutory interpretation, including the requirements of the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. § 3001 *et seq*. *United States v. Duran*, 701 F.3d 912, 915 (11th Cir. 2012). "The [FDCPA] 'provides "the exclusive civil procedures for the United States" to obtain satisfaction of a judgment in a criminal proceeding that imposes a "fine, assessment, penalty, or restitution" in favor of the United States.'" *Id.* (quoting *United States v. Bradley*, 644 F.3d 1213, 1309 (11th Cir. 2011) (quoting 28 U.S.C. §§ 3001(a)(1), 3002(3)(B), 3002(8)) (alteration omitted). "The [FDCPA] provides the United States several remedies to satisfy a judgment, one of which is to obtain a writ of execution." *Id.* (citing 28 U.S.C. §§ 3202(a), 3203). The government may levy on "all property in which the judgment debtor has a substantial nonexempt interest." *Id.* (quoting 28 U.S.C. § 3203(a)) (alteration omitted).

Upon commencing an action to recover property under the FDCPA, the government must prepare, and the clerk of court must issue notice to the judgment debtor with specific statutory language, including notice that a hearing must be requested within 20 days of receiving notice, or the property to be levied upon may be sold and the proceeds applied toward the money owed the government. *Id.*

5

Case 0:11-cr-60273-WPD Document 849 Entered on FLSD Docket 05/29/2015 Page 8 of 10
Case 2:15-mc-00031-BAM Document 1 Filed 06/08/15 Page 10 of 12
Case: 13-13567 Date Filed: 04/23/2015 Page: 6 of 8

(citing 28 U.S.C. § 3202(b)). If the judgment debtor requests a hearing within 20 days of receiving notice, "[t]he court that issued such order *shall hold a hearing on such motion.*" *Id.* at § 3202(d) (emphasis added). Moreover, "[i]f the debtor so requests, within 20 days after receiving the notice . . . , the action or proceeding in which the writ, order, or judgment was issued *shall be transferred to the district court for the district in which the debtor resides.*" *Id.* at § 3004(b)(2) (emphasis added). Using the verb "shall" in a statute is a command. *In re Tennyson*, 611 F.3d 873, 877 (11th Cir. 2010) (quoting *Alabama v. Bozeman*, 533 U.S. 146, 153, 121 S. Ct. 2079, 2085 (2001)). "Shall" creates an obligation not subject to judicial discretion. *Id.* (quoting *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35, 118 S. Ct. 956, 962 (1998)).

The government filed its Application for a Writ of Execution on June 6, 2013. The deputy clerk issued the Writ of Execution the same day. The following day, the government amended its application for a Writ of Execution, and the deputy clerk entered an Amended Writ of Execution. On July 1, 2013, Peters filed a Response to the Amended Writ of Execution, wherein he requested a hearing and transfer of the Amended Writ of Execution proceeding to California, where he is incarcerated. Peters also filed an affidavit attesting he did not receive notice of the

Writ of Execution or the Amended Writ of Execution until June 26, 2013.[4] The government does not dispute the timeliness of Peters's filing. We find his requests were timely under the circumstances we have stated. Therefore, the issue is whether the district judge erred in refusing to transfer the Amended Writ of Execution proceeding to California for a hearing.

"In the interest of justice, courts want to provide criminal defendants with the opportunity for a hearing and do not want to impose an inconvenience or undue financial hardship on them by requiring that they . . . travel far distances to attend these hearings." *United States v. Nash*, 175 F.3d 440, 443 (6th Cir. 1999). In cases where the convicted defendant is incarcerated, he is at the mercy of the court to make it possible for him to attend a requested hearing. Because Peters requested a transfer and a hearing, his Amended Writ of Execution proceeding should have been transferred to the district, where he resides. Under the plain language of the FDCPA, Peters's request required the district judge to transfer his case to California, where he is incarcerated. *Nash*, 175 F.3d at 442 ("Because the plain language of this statute is mandatory, the district court must grant such a transfer as long as [the request] is made in a timely manner."). The district judge erred in denying Peters's request to transfer his Amended Writ of Execution proceeding to California for a hearing.

---

[4] This delay was because of the government's failure to send notice to Peters at the prison in Atwater, California, where he was incarcerated.

7

Case 0:11-cr-60221-WPD Document 849 Entered on FLSD Docket 05/29/2015 Page 10 of 10
Case 2:15-mc-00031-BAM Document 1 Filed 06/08/15 Page 12 of 12
Case: 13-13567    Date Filed: 04/23/2015    Page: 8 of 8
(8 of 9)

The final order granting the government's application for an Amended Writ of Execution after Peters's request for transfer is vacated; the case is remanded to the district judge to enter an order transferring Peters's Amended Writ of Execution proceeding to the California district court with jurisdiction for a hearing and decision.

**VACATED AND REMANDED WITH INSTRUCTIONS.**