UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>    v.<br><br>DALE PETERS,<br>         Defendants. | Case No.: 1:15-mc-0031-BAM<br><br>**ORDER DENYING DEFENDANT'S MOTION TO VACATE AS MOOT**<br><br>(Doc. 11). |

This case arises pursuant to a Writ of Execution filed by the United States of America. (Doc. 7). On January 27, 2016, the government filed an Application for Writ of Execution to levy on real property owned by Defendant Dale Peters, located at 21065 Christopher Circle, Sonora California 95370. The Writ of Execution issued on February 9, 2016 with instructions ordering the United States Marshal's Service to personally serve the Writ of Execution on Defendant. (Doc. 9). Pursuant to 28 U.S.C. § 3202(b), the Defendant has twenty (20) days from service of the Writ of Execution to request a hearing to explain either why the property is exempt from execution or why the claimed debt is not owed.

On Februrary 16, 2016, Defendant filed a Motion to Vacate the Writ Of Execution stating he needs additional time to review the Writ. Defendant notes that he previously filed a notice with the

1

Court indicating that "in the interest of settling and closing the accounting" he "stands ready and willing to accept" any "outstanding, unpaid debt…owed." *See* Declaration of Dale Peters ("Peters Decl."), Doc. 6. Because the Writ was filed after Defendant filed a declaration stating that he does not dispute the debt, he is unclear as to why the Writ of execution was issued. He seeks additional time to review the Writ to determine whether the Government is attempting to pursue an additional and previously undisclosed debt.

Defendant's Motion to Vacate is without merit. While the Writ of Execution was electronically delivered to Defendant via an electronic notification, personal service of the writ has not yet been completed by the United States Marshall's Service. 28 U.S.C. § 3205(c). Defendant's Motion to Vacate the Writ is therefore premature as his time to contest the Writ does not begin until after personal service by the United States Marshalls. Moreover, Defendant's Motion to Vacate fails to set forth any grounds to set aside the Writ. Defendant makes no claim that the property is exempt from execution or that the debt is otherwise not owed. (Doc. 11).

As service of the Writ is still outstanding, Defendant's current request is unnecessary and is HEREBY DENIED as moot. After service of the Writ has been executed, Defendant will have twenty days to file his exemptions and request a hearing if he so desires.

IT IS SO ORDERED.

Dated:   **April 20, 2016**                    /s/ *Barbara A. McAuliffe*
                                               UNITED STATES MAGISTRATE JUDGE