UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>DALE PETERS,<br>        Defendants. | Case No.: 1:15-mc-0031-BAM<br><br>**ORDER DENYING DEFENDANT'S CLAIM FOR EXEMPTION**<br><br>(Doc. 11). |

Before the Court is Defendant/Judgment Debtor Dale Peters' "Motion for Claim Exemptions," wherein Defendant seeks exemptions under federal law to a writ of execution to levy his real property filed by Plaintiff United States of America. (Doc. 16). In response to Defendant's Motion, Plaintiff filed a response. (Doc. 17). Having considered Defendant's motion, the United States' written opposition, and the entire file, Defendant's Motion for Exemptions is DENIED.

**PROCEDURAL BACKGROUND**

On January 27, 2016, the United States filed an Application for Writ of Execution to levy on real property owned by Defendant Dale Peters, located at 21065 Christopher Circle, Sonora California 95370 ("subject property"). On February 9, 2016, the Clerk of the Court issued a writ of execution

1

under the Federal Debt Collection Procedures Act, ("FDCPA"), 28 U.S.C. § 3203, ordering the United States Marshal to levy the subject property owned by Defendant.

In accordance with 28 U.S.C. §§ 3004(c), 3202(b)-(c), the United States served Defendant by first class and certified mail with copies of the application, the writ of execution, a form for claims for exemption, and a form to request a hearing.  (Doc. 15).

On April 21, 2016, the United States filed a notice of levy indicating that the United States Marshal levied the subject property.  (Doc. 14).

On May 31, 2016, Defendant filed a "Motion for Claim Exemptions" asking the Court to explain why his promissory note sent on or about December 18, 2015, to the United States Attorney's Offices for both the Southern District of Florida and the Eastern District of California "ha[d] not been used to pay off his debt." (Doc. 16).

On June 3, 2016, the United States filed a response requesting that Defendant's motion for claim exemptions be denied in order for the United States Marshal to proceed with the sale of the subject property.  (Doc. 17).

**FACTUAL BACKGROUND**

On February 4, 2013, the Court in the Southern District of Florida ("Florida Court") convicted Defendant Dale Peters of conspiring to defraud the United States, in violation of 18 U.S.C. § 286, and presenting false and fictitious claims upon the United States, in violation of 18 U.S.C. § 287.  *See* Declaration of Shari M. Jochem ("Jochem Decl."), Ex. A (Doc. 17-1).  Defendant was sentenced to serve 144 months in prison and pay $5,362,039.69, not including a special assessment and accrued interest, in restitution to the Internal Revenue Service.  (Doc. 1-1). Defendant is currently serving his sentence at the Bureau of Prisons, Atwater Penitentiary with a projected release date of April 20, 2022. Jochem Decl. ¶ 5; (Doc. 1-1).

While in prison, Defendant has reportedly paid $300.00 towards his $3,200.00 assessment. Defendant has made no payment towards his $5,362,039.69 joint and several restitution judgment. As of the time of Plaintiff's opposition, the current outstanding balance owed is $5,361,830.80 (which includes restitution in the amount of $5,332.538.08, a $2,900.00 special assessment, and $26,395.73 in interest). Jochem Decl. ¶ 7.

In an attempt to collect the restitution owed by Defendant, on June 7, 2013, the United States, through the United States Attorney for the Southern District of Florida, filed an Application for a Writ of Execution on Defendant's real property. That application was granted on July 26, 2013. Thereafter, that application was vacated by the Eleventh Circuit Court of Appeal on grounds of forum non conveniens and the case was transferred to this Court on or about June 8, 2015. (Doc. 1).

On or about December 17, 2015, Defendant sent a letter to the United States Attorney's Offices for both the Southern District of Florida and the Eastern District of California. Jochem Decl. ¶ 6. In that letter, Defendant acknowledged his outstanding restitution obligation but did not include any form of payment. Instead, Defendant enclosed a document entitled "promissory note" which read:

> I, Dale Christian Peters, promise to pay to CLERK, UNITED STATES COURTS, or order, the sum $5,247,291.17 (i.e. five million, two hundred-forty-seven thousand, two-hundred-ninety-one and 17/100 dollars)/ Executed on 17 December 2015 A.D. near the city of Atwater, in the county of Merced, in California State.

On January 27, 2016, the United States re-filed the Application for Writ of Execution in this Court. (Doc. 7). That Writ of Execution was issued on February 9, 2016. (Doc. 9). On February 16, 2016, Defendant filed a Motion to Vacate the Writ of Execution. (Doc. 11). This Court denied Defendant's Motion as moot on April 20, 2016 because service of the writ was still outstanding. (Doc. 13). Service of the Writ was effectuated on the Defendant on May 6, 2016. (Doc. 15). Defendant's instant "Motion for Claim for Exemption" followed. (Doc. 16).

**DISCUSSION**

Enforcement of a criminal restitution order is governed by 18 U.S.C. §3613(a)(1). That section provides that notwithstanding any other Federal law, a judgment may be enforced against all property or property rights of a person with only specific limited, identified exceptions. These exceptions are drawn from the list of property exempt from levy of taxes under 26 U.S.C. §6334(a)(1)-(10). Defendant bears the burden of establishing that the property in question is exempt. 28 U.S.C. § 3014(b)(2).

In opposition to the Motion for Claim exemptions, the United States argues that Defendant's Motion fails to make a claim that the subject property is exempt from execution or that the debt is invalid. Instead, Defendant suggests that his debt should be settled pursuant to his December 17, 2015,

correspondence providing a promissory note for the restitution owed. This, Plaintiff claims, does not establish an applicable exemption from execution.

With regard to legal bases to challenge the writ execution proceeding here, Plaintiff is correct that Defendant fails to identify any exemptions that may apply. As Plaintiff has correctly observed, Defendant has failed to raise any basis for exemption recognized by subsection 6334(a) (1)-(10). While Defendant checked the box on his claim exemption form indicating that he believes that his property is exempt from levy, that indication is followed by a written statement asking for an explanation as to why his promissory note does not satisfy his debt. A written promissory note does not provide protection against the federal government pursuing enforcement of the writ of execution for purposes of satisfying the restitution judgment. A written promissory note is also not a valid consideration that qualifies as an exemption to the writ of execution.

Moreover, Plaintiff cannot demonstrate that the subject property is exempt from levy. Plaintiff was informed as early as June 2015, that only certain property may be exempt from levy under federal law including: (1) wearing apparel and school books; (2) fuel, provisions, furniture and personal effects; (3) books and tools of a trade, business, or profession; (4) unemployment benefits; (5) undelivered mail; (6) certain annuity and pension payments, (7) workmen's compensation; (8) judgments for support of minor children; (9) a minimum exemption for wages, salary and other income; (10) certain service-connected disability payments; and (11) assistance under the Job Training Partnership Act. Plaintiff was further informed by the Florida Court on July 25, 2013, that the homestead exemption did not apply and therefore Defendant's subject property is not exempt from levy. (Doc. 1-1 at 17).[1]

Defendant has had ample opportunity re-raise adequate objections or clearly articulate new objections to the writ of execution. After the writ was issued in this Court, Defendant was again informed that he "may request a hearing to explain to the judge why [he] believes the property the Government has taken is exempt or why [he] thinks he does not owe the money to the Government." (Doc. 15-4). Defendant was warned that if he did not request a hearing within 20 days of receiving

---

[1] The Florida Court's order was vacated on appeal, in the interest of justice, so that Defendant may request a hearing in the district in which he is incarcerated. *See United States v. Peters*, 783 F.3d 1361, 1364 (11th Cir. 2015).

notice, his property may be sold and the payment used toward the restitution payment. (Doc. 15-4). Rather than request a hearing, Defendant filed a notice acknowledging his debt and conceding the need for its payment. (Docs. 6, 18). Defendant has therefore provided insufficient legal and factual support for his requested exemption. Accordingly, the Court finds that Defendant has failed to meet his burden that any exemptions preclude the enforcement of the writ.

## **CONCLUSION**

For the reasons stated above, the Court DENIES Defendant's Motion for Claim Exemptions. The Court finds that the property is not subject to exemption. IT IS ORDERED that Plaintiff is entitled to the remaining amount of restitution owed and the sale of Defendant's subject property may proceed. As noted in the writ of execution, Plaintiff is ordered to file a written notice with the Court within 10 (ten) days after the date of the sale of the property.

IT IS SO ORDERED.

Dated:  **October 12, 2016**          /s/ *Barbara A. McAuliffe*
                                                         UNITED STATES MAGISTRATE JUDGE